UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERVARES WILLIAMS,

    Petitioner,                                   Civil Action No. 08-CV-14568

vs.                                                     HON. BERNARD A. FRIEDMAN

GERALD HOFBAUER,

    Respondent.
_____/

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE

This matter is presently before the court on plaintiff's objections to Magistrate Judge Komives' March 31, 2010, order denying petitioner's motion to hold his habeas petition in abeyance. Pursuant to E.D. Mich. 7.1(f)(2), the court shall rule on the objections without hearing oral argument.

Petitioner's motion sought to persuade the court to apply the "stay and abeyance" procedure to this case. As explained by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), this procedure can be used to address a procedural problem posed by "mixed" habeas petitions, i.e., those containing both exhausted and unexhausted claims. If this procedure is used the case is stayed and held in abeyance, rather than dismissed, while petitioner exhausts his state court remedies as to his unexhausted claims. "The procedure serves as an alternative to simply denying a petition containing unexhausted claims when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's one-year limitations period." *In re Bowen*, 436 F.3d 699, 703 n.2 (6th Cir. 2006). As the magistrate judge correctly noted, however, the stay

and abeyance procedure should not be used if (1) petitioner fails to show good cause for his failure to exhaust his state court remedies, (2) the unexhausted claims are "plainly meritless" or (3) "petitioner engages in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

In the present case, the magistrate judge denied petitioner's motion to hold his petition in abeyance because the unexhausted claims are meritless, both procedurally and substantively.[1] The procedural issue identified by the magistrate judge is that petitioner has already filed one motion for relief from judgment and he is therefore precluded from filing another such motion. The substantive issue is that the unexhausted claims relate to one matter of state law which is not reviewable by a federal habeas court (i.e., whether the trial court, while the appeal was pending, had jurisdiction to correct a clerical error in its judgment) and one matter of federal law which is frivolous (i.e., whether petitioner had a constitutional right to be present and represented by counsel at his "resentencing"). In his objections, petitioner argues that the Michigan Court Rules permit the filing of a second or subsequent motion for relief from judgment if it is based on new evidence, and that at the time he filed his first such motion he was unaware that his judgment of sentence had been amended. Petitioner also argues that his unexhausted claims are substantively meritorious.

From his pleadings and the documents attached thereto, it is not clear when petitioner first learned that the judgment in his criminal case was amended to reflect the trial judge's oral pronouncement at the sentencing hearing that she was sentencing petitioner as a habitual offender.

---

[1] Petitioner's unexhausted claims are (1) that the trial court "did not have jurisdiction to make any changes to the Judgment of Sentence (JOS) while Petitioner's case was within the Court of Appeals upon an Appeal of Right," and (2) that "the trial court violated the Petitioner's right to the presence of an attorney when his sentence was amended in the absence of counsel." Pet'r's Br. in Supp. of Mot. to Hold Habeas Pet. in Abeyance, at 5, 7.

If, as petitioner asserts, he did not learn of the amendment until after he filed his motion for relief from judgment,[2] then his discovery of the amendment might qualify as "new evidence that was not discovered before the first such motion," thereby enabling him to avoid the procedural bar and raise the issue in a second motion for relief from judgment. MCR 6.502(G)(2).

However, even giving petitioner the benefit of the doubt as to this procedural issue, the court nonetheless agrees with the magistrate judge that petitioner's motion was properly denied because his unexhausted claims are, substantively, "plainly meritless." Petitioner acknowledges that at the sentencing hearing, conducted on January 21, 2005, the trial judge indicated she was sentencing petitioner as a habitual offender.[3] The "amended judgment" dated May 23, 2005, did nothing more than conform the written judgment to this oral pronouncement and added to the original judgment the words "sentenced as habitual 3rd" in the "other information" column adjacent to the sentence on each count. Whether the trial court had jurisdiction to make such an amendment while the appeal was pending[4] is, as the magistrate judge correctly noted, an issue of state law that simply is not cognizable as a habeas claim. Further, while petitioner had the right to attend and be represented by counsel at every critical stage of his case, the correction of a clerical error such as this is not such a stage. Therefore, the magistrate judge's conclusions as to the substantive merit of

---

[2] According to the trial court's docket sheet, petitioner filed his motion for relief from judgment on February 7, 2007. *See* Resp't's Rule 5 materials.

[3] At the sentencing hearing, the trial judge stated: " . . . he is going to be sentenced as an habitual third, just so the record is clear because sometimes the Department of Corrections is not able to decipher what exactly the sentence is. And the Court is making it perfectly clear." Tr. 19 (Rule 5 materials). The Michigan Court of Appeals, in its decision affirming the conviction and sentence, noted that petitioner "was sentenced as a habitual offender . . ." *People v. Williams*, 2006 WL 1156109, at *1 (Mich. Ct. App. May 2, 2006).

[4] Petitioner filed his notice of appeal on January 31, 2005 (*see* Pet'r's Mot. to Hold Habeas Pet. in Abeyance, App. C), and the appeal was decided on May 2, 2006.

petitioner's unexhausted claims are neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly,

IT IS ORDERED that petitioner's objections are overruled and the magistrate judge's order denying petitioner's motion to hold his petition in abeyance is affirmed.

DATED: April 22, 2010

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 22, 2010.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager